"PROVIDED TO [ILLEGIBLE] FOR MAILING"
ON 1/10/17

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
___Tallahassee___ DIVISION

# CIVIL RIGHTS COMPLAINT FORM
## TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

___Walter Holley___,

Inmate # ___L08450___.
(Enter full name of Plaintiff)

VS.

___Kreshenda Colbert___ ___officer___,
___Erika Bellamy___ ___Sergeant___,
___. Akins___ ___Captain___,
___"John Doe (s)"___ ___unknown___,
_____

CASE NO: ___4:17cv27___
(To be assigned by Clerk)
___RH-CAS___

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

I. **PLAINTIFF:**

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: WALTER HOLLEY
Inmate Number: L08450
Prison or Jail: Jefferson Correctional Institution
Mailing address: 1050 Big Joe Road
Monticello, Florida 32344

II. **DEFENDANT(S):**

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for every Defendant:

(1) Defendant's name: KRESHENDA COLBERT
    Official position: Officer
    Employed at: Jefferson C.I.
    Mailing address: 1050 Big Joe Road
    Monticello, Florida 32344

(2) Defendant's name: ERIKA BELLAMY
    Official position: Sergeant
    Employed at: Jefferson C.I.
    Mailing address: 1050 Big Joe Road
    Monticello, Florida 32344

(3) Defendant's name: AKINS
    Official position: Captain
    Employed at: Jefferson C.I.
    Mailing address: 1050 Big Joe Road
    Monticello, Florida 32344

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

2

ATTACHMENT:

II. DEFENDANT(S):

(4) Defendant's name: "John Doe (s)"
    Official Position: "Unknown"
    Employed at: Jefferson Correctional Institution
    Mailing address: 1050 Big Joe Road
                     Monticello, Florida 32344

2.

III.   **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

IV.   **PREVIOUS LAWSUITS**

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

    A.    Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
        Yes ( )        No (✓)

        1.    Parties to previous action:
            (a)   Plaintiff(s): n/a
            (b)   Defendant(s): n/a
        2.    Name of judge: n/a    Case #: n/a
        3.    County and judicial circuit: n/a
        4.    Approximate filing date: n/a
        5.    If not still pending, date of dismissal: n/a
        6.    Reason for dismissal: n/a
        7.    Facts and claims of case: n/a
            n/a

        **(Attach additional pages as necessary to list state court cases.)**

    B.    Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

        Yes ( )        No (✓)

        1.    Parties to previous action:
            a.    Plaintiff(s): n/a
            b.    Defendant(s): n/a
        2.    District and judicial division: n/a
        3.    Name of judge: n/a    Case #: n/a
        4.    Approximate filing date: n/a
        5.    If not still pending, date of dismissal: n/a
        6.    Reason for dismissal: n/a

7. Facts and claims of case: ___N/A___

**(Attach additional pages as necessary to list other federal court cases.)**

C. Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(✓)    No( )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a. Plaintiff(s): ___Holley Walter___
   b. Defendant(s): ___Officer Gafford / Sergeant Christmas / Warden Churchwell___
2. District and judicial division: ___Federal Court, Panama City Division___
3. Name of judge: ___N/A___    Case #: ___5:15-CV-00034-WS-EMT___
4. Approximate filing date: ___N/A___
5. If not still pending, date of dismissal: ___N/A___
6. Reason for dismissal: ___Failure to pay partial filing fee, without prejudice.___
7. Facts and claims of case: ___Plaintiff had been beaten by these two staff members at Washington Correctional Institution.___

**(Attach additional pages as necessary to list cases.)**

D. Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed.

Yes(✓)    No( )

1. Parties to previous action:
   a. Plaintiff(s): ___Holley Walter___
   b. Defendant(s): ___Officer Gafford / Sergeant Christmas / Warden Churchwell___
2. District and judicial division: ___Federal Court, Panama City Division___
3. Name of judge: ___N/A___    Case Docket # ___5:15-CV-00034-WS-EMT___
4. Approximate filing date: ___N/A___    Dismissal date: ___N/A___
5. Reason for dismissal: ___Failure to pay partial filing fee, without prejudice.___

4

ATTACHMENT:

(4)(C)

1. PARTIES TO PREVIOUS ACTION:
    a. Plaintiff(s): HOLLEY WALTER
    b. Defendant(s): officer Flowers / officer Swartz / Sergeant Pumphry
2. District And Judicial division: Federal Court, Tallahassee Division
3. Name of Judge: N/A      Case #: 4:15cv311-mw/CAS
4. Approximate filing date: 8-14-15
5. If not still pending, date of dismissal: N/A
6. Reason for dismissal: Voluntarily withdrew complaint. Dismissed without prejudice.
7. Facts and claims of case: Prison conditions, tiles were taken up in the dorm without the proper procedures taken and I forced to inhale clouds of dust for days.

6. Facts and claims of case: _PLAINTIFF HAD BEEN BEATEN BY THESE TWO STAFF MEMBERS AT WASHINGTON CORRECTIONAL INSTITUTION._

**(Attach additional pages as necessary to list cases.)**

## V. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. <u>Do not make any legal arguments or cite to any cases or statutes.</u> You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

1. Officer Kreshenda Colbert and I inmate Walter Holley met at Jefferson Correctional Institution and subsequently entered an intimate relationship leading to our engagement. Officer Colbert smuggled in maybe 40 cell phones, an unestimated amount of cartons of cigarettes, pounds of "K2" synthetic weed, and other drugs such as pills, to me and other inmates. Even so, I allowed Colbert to borrow an estimated six thousand dollars. The relationship between Colbert and I had gone bad and she entered a relationship with another inmate. I asked for the money I let Colbert borrow to be returned. Colbert put a hit out on me for an ounce of "K2" and had me stabbed in my sleep 13 times on November 1st 2016. Relatively in the beginning of our relationship Officer Colbert had an ex boyfriend arrive at J.C.I and she filed an incident report in attempt to have him transferred. When they refused to transfer him Colbert paid for him to be stabbed in the head and he was then released. Colbert stated that her ex had known too much about her; just as I had. Officer Colbert had told inmates that she had other inmates coming for me. Since being stabbed in my chest I've had alot of chest pains, I still have pains in my navel area where I had been stabbed and on the bone in my left forearm, and right leg and left knee. Officer Colbert while acting under color of state law was the cause of me being stabbed, and failed to return the money obtained from me... Officer Colbert committed sexual battery in manipulating me to have sex with her, and to sell contraband which had me stabbed.

2. Sergeant Erika Bellamy had been present in the officer's station in B-Dorm on November 1st 2016. At approximately 6:00 am - 6:30 am inmate John Robinson stabbed me in the chest and stomache while I had been asleep in wing-2 Bunk 137 upper. I sat up screaming for help while Robinson continued to stab me in the legs and arms. Robinson walked away to see if Sergeant Bellamy had seen him and came back stabbing me in my legs some more. At this time the dorm was being released for

5

BREAKFAST AND ROBINSON RAN OUT OF THE DORM AND IN FRONT OF THE OFFICER'S STATION DECLARED HE WOULD KILL ME IF I WAS THERE WHEN HE GOT BACK. I CHECKED MY WOUNDS AND WENT TOWARDS THE OFFICER'S STATION AND SERGEANT BELLAMY HAD BEEN SITTING IN FRONT OF THE DORM'S SURVEILLANCE CAMERA MONITORS. ROBINSON WALKED BACK IN AND GRABBED A WALKING CANE FROM BUNK 126 LOWER AND APPROACHED ME WITH IT AT THE OFFICER'S STATION WINDOW THREATENING TO BEAT ME TO DEATH WITH IT. HE THEN WENT OVER TO MY ASSIGNED BUNK 127 UPPER AND ROLLED MY MATTRESS SHEETS AND BLANKET UP AND SAT IT IN FRONT OF THE OFFICER'S STATION, HAD GONE BACK TO MY BUNK AND PICKED UP MY LOCKER WITH ALL MY BELONGINGS IN IT AND SAT IT IN FRONT OF THE OFFICER'S STATION, THREATENING THAT I BETTER GET OUT OF THE DORM. ALL OF THIS WAS ON CAMERA AND IN FRONT OF THE OFFICER'S STATION, AND SECURITY PROVIDED NO HELP AS IF SERGEANT BELLAMY HAD NOT BEEN LOOKING AFTER THE DORM. ROBINSON GRABBED THE CANE AND STARTED HITTING ME ON MY ARM. I TRIED TO PROTECT MYSELF. BACK UP WAS THEN CALLED. I WAS SPRAYED WITH CHEMICAL AGENT. WHILE DOWN ON THE GROUND ROBINSON KICKED ME IN THE HEAD, INJURING MY HEAD BACK AND NECK. THE BONE ON MY LEFT FOREARM HAD SWOLLEN AND HAS PERMANENTLY DISFIGURED THE BONE. BELLAMY ACTING UNDER COLOR OF STATE LAW FAILED TO PROVIDE ADEQUATE SECURITY AND SAFTY.

3. CAPTAIN       . AKINS HAD BEEN THE SHIFT SUPERVISOR ON NOVEMBER 1st 2016, AND RESPONSIBLE FOR WHAT STAFF PERSONNEL WAS PLACED IN EACH DORM. ON THE AFOREMENTIONED DATE THEIR HAD NOT BEEN ENOUGH STAFF PERSONNEL IN B-DORMITORY TO WATCH THE INMATES. AT APPROXIMATELY 6:00AM - 6:30AM I HAD BEEN STABBED A TOTAL OF THIRTEEN TIMES WHILE THE DORM WAS BEING RELEASED FOR BREAKFAST ON CAMERA WITHOUT STAFF SEEING IT. MY ATTACKER LEFT THE DORM AND THEN RETURNED AGAIN TO ASSAULT ME RIGHT IN FRONT OF THE OFFICER'S STATION WITHOUT STAFF SEEING IT. I WAS THEN ATTACKED WITH A WALKING CANE, AND NOT UNTIL AFTER TRYING TO PROTECT MYSELF WAS BACK UP CALLED AND I WAS SPRAYED WITH CHEMICAL AGENT. WHILE ON THE FLOOR MY ATTACKER KICKED ME IN THE HEAD CAUSING INJURY TO MY HEAD NECK AND BACK. HAD ENOUGH SECURITY BEEN PRESENT INMATE ROBINSON WOULD HAVE BEEN CAUGHT WHEN STABBING ME THE FIRST THIRTEEN TIMES, YET SERGEANT BELLAMY HAD BEEN THE ONLY STAFF MEMBER PRESENT. CAPTAIN AKINS WHILE ACTING UNDER COLOR OF STATE LAW FAILED TO PROPERLY SUPERVISE HIS SHIFT TO PROVIDE ADEQUATE SECURITY AND SAFTY.

4. IN APPROXIMATELY SEPTEMBER 2016, I HAD CONFESSED TO AN OFFICER COSTELLO THAT OFFICER COLBERT AND I HAVE BEEN IN AN INTIMATE RELATIONSHIP AND THAT I HAD PAID FOR COLBERT TO MOVE IN HER APARTMENT, I HAD PAID HER BILLS, AND HAD BOUGHT COLBERT A CAR, AND HAD GIVEN HER MONEY. I CONVEYED TO OFFICER COSTELLO THAT I HAD MADE A MISTAKE AND THAT COLBERT AND I HAD PROBLEMS AND COLBERT DATED ANOTHER INMATE. OFFICER COSTELLO HAD TAKEN THIS INFORMATION AND FILED AN INCIDENT REPORT REPORTING IT. NO ONE IN CHARGE OF INVESTIGATING THIS EVER

came to question me, as if they had I would have confirmed Costello's report, as confessing had been my attempt to be transferred away from Jefferson Correctional Institution to be away from Colbert. I should have to the least been placed in confinement under investigation and Colbert fired. This way I would have never been at Jefferson Correctional Institution on November 1st 2016 to be stabbed and kicked. Because of the John Doe(s) in charge of investigating the incident report had not followed the proper procedures, I had still been at this institution for Colbert and her new (inmate) boyfriend to put a hit out of me and have me badly injured. Plaintiff also contends that the personnel that was in charge of the disposition of the investigation following its conclusion, that would decide what would be done about it and determine the outcome is responsible for me still being at the institution on November 1 2016 the day I was stabbed. Being specific for identification purposes, the staff investigating Costello's incident report, and the staff member that was to review the findings of the investigation and decide what to do about it was the reason I had still been at J.C.I. in harms way and unsafe prison conditions. The aforementioned staff members while acting under color of state law failed to provide the proper security resulting in unsafe prison conditions.

## VI.  STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

(1) Kreshenda Colbert while acting under color of state law violated my 8th and 14th Amendment Rights when placing a hit out of me and failing to provide the proper safety and security, and sexual battery. (2) Erika Bellamy while acting under color of state law violated my 14th Amendment Rights by failing to provide the proper safety and security causing unsafe prison conditions; (3) Akins while acting under color of state law violated my 14th Amendment Rights when failing to properly supervise his shift and ensure that proper security had been in each dorm, this created unsafe prison conditions; (4) the John Doe(s) in charge of investigating Officer Costello's report, and the staff official that would be making the final decision after its investigation, violated my 14th Amendment Right having me live in unsafe prison conditions.

## VII.  RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

I seek $250,000 in damages, in the official and individual compacity I'm suing Kreshenda Colbert.
I seek $200,000, in damages, in the official and individual compacity I'm suing Erika Bellamy.
I seek $100,000, in damages, in the official and individual compacity I'm suing Akins.
I seek $100,000, in damages, for each "John Doe" suing each in the official and individual compacity.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

_1-9-17_
(Date)

_Walt Holly_
(Signature of Plaintiff)

**IF MAILED BY PRISONER:**

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):
☒ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the __9__ day of __January__, 20_17_.

_Walt Holly_
(Signature of Plaintiff)

Revised 03/07

7

Holley Waiter DX#L0643 U
Apalachee Correctional Institution
Sneads, Florida 32460-4166



United States District Court
Northern District of Florida
Office of the Clerk

111 North Adams Street, Suite 322
Tallahassee, Florida 32301-7730

USE ONLY FOR INDIGENT LEGAL MAIL