IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**WALTER HOLLEY, #L08450,**

    **Plaintiff,**

vs.                                               Case No. 4:17cv27-RH/CAS

**KRESHENDA COLBERT, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, filed a civil rights complaint, ECF No. 1, under 42 U.S.C. § 1983. In a separate Order entered this day, Plaintiff's complaint was reviewed and deemed insufficient to state a claim as to all named Defendants. Plaintiff has been directed to file an amended complaint.

Plaintiff's complaint, ECF No. 1, was prison officials at Jefferson Correctional Institution where Plaintiff was incarcerated at the time this case was initiated. Plaintiff generally alleged that he was attacked by another inmate on November 1, 2016, because Officer Colbert arranged

the attack. ECF No. 1 at 7-8. He challenges the actions and inactions of other persons and claims they failed to protect him from harm. ECF No. 1.

Plaintiff also filed a petition for preliminary injunction on January 25, 2017. ECF No. 4. That petition, construed as a motion for an injunction, seeks relief against officials at Apalachee Correctional Institution to allow Plaintiff to make copies of his legal documents. *Id.* Plaintiff specifically states that the librarian there, Ms. Jordan, will not let him make sufficient copies. *Id.* He further complains that another official, Ms. Grover, will not allow him to seal his mail. *Id.* at 2.

This motion is unrelated to the events underlying this case. The Defendants named in the complaint, ECF No. 1, are not the same as the persons listed in the motion. Rule 65(d), which governs motions for a temporary restraining order and for a preliminary injunction, provides *inter alia*: "Every order granting an injunction and every restraining order . . . is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." FED. R. CIV. P. 65(d). "It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by

service of process." <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100, 110, 89 S. Ct. 1562, 1569, 23 L. Ed. 2d 129 (1969) (citation omitted). There is no indicating that the persons identified in the motion are acting in concert with the named Defendants. The motion was not properly filed in this case because the Defendants in this action are not the Defendants referenced in this motion and cannot provide the relief requested by Plaintiff. Therefore, the motion should be denied.

Additionally, Plaintiff has filed a second motion requesting injunctive relief. ECF No. 7. Plaintiff requests an order directing prison officials at Jefferson Correctional Institution to preserve certain evidence from the events of November 1, 2016, when Plaintiff was attacked.

First, there is no indication that a court order is necessary to preserve evidence. Plaintiff does not assert that any such evidence is in danger of destruction and judicial notice is taken that much of what Plaintiff seeks to have preserved are routine records maintained by the Department of Corrections. Second, Plaintiff does not identify any specific person for whom a court order would be directed. The motion for an injunction is insufficient as filed as should be denied.

It is respectfully **RECOMMENDED** that Plaintiff's motions for an injunction, ECF Nos. 4 and 7, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on February 21, 2017.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**